United States District Court
Southern District of Texas
**ENTERED**
January 05, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE D. BROWN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-19-1273 |
| MARSHA McLANE, Executive Director, Texas Civil Commitment Office, | § § § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Clarence D. Brown (Inmate #03888123) has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1). Brown seeks relief from his continued confinement at the Texas Civil Commitment Center, where he was civilly committed for treatment as a sexually violent predator. Marsha McLane, who serves as Executive Director of the Texas Civil Commitment Office, has filed Respondent's Answer with Brief in Support ("Respondent's Answer") (Docket Entry No. 20), which includes an Appendix of state court records related to Brown's civil commitment and biennial review proceedings ("Appendix") (Docket Entry No. 20-1). Brown has filed Petitioner's Response to Respondent's Answer With Brief in Support

("Petitioner's Response") (Docket Entry No. 21, pp. 7-39).[1] Brown also recently filed a written notice advising the court that he is no longer confined at the Texas Civil Commitment Center (Docket Entry No. 24, p. 1).[2] After considering all of the pleadings, the state court records, and the applicable law, the court will dismiss this action for the reasons explained below.

## I. Background

This case concerns Brown's confinement pursuant to Chapter 841 of the Texas Health and Safety Code, which establishes "a civil commitment procedure for the long-term supervision and treatment of sexually violent predators" who exhibit "a behavioral abnormality that is not amenable to traditional mental illness treatment modalities" and makes them "likely to engage in repeated predatory acts of sexual violence."[3] Once a person has been civilly committed as a sexually violent predator in Texas, his status is

---

[1] Petitioner's Response (Docket Entry No. 21, pp. 7-39) appears to have been inadvertently filed as an attachment to Petitioner's Motion For Evidentiary Hearing by Telephone (Docket Entry No. 21, pp. 1-6), which was denied previously in this case, and not as a separate docket entry. All page numbers refer to the pagination imprinted on the top of the page of each docket entry by the court's electronic case filing system (ECF).

[2] This case was transferred from the docket of District Judge Vanessa D. Gilmore and reassigned on December 9, 2021, pursuant to Special Order No. 2021-19 (Docket Entry No. 25).

[3] Tex. Health & Safety Code § 841.001; see also Tex. Health & Safety Code § 841.003(a) (defining a "sexually violent predator" as a "repeat sexually violent offender" who "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence").

subject to biennial review by the trial court that entered the initial order of commitment.[4]

In 2010, Brown was adjudicated as a sexually violent predator by a jury in the 435th District Court of Montgomery County, Texas.[5] Consistent with that judgment, the trial court entered an order civilly committing Brown in accordance with Chapter 841 of the Texas Health & Safety Code.[6] The Order of Commitment required Brown to reside in supervised housing at a residential facility and to comply with other terms and conditions for treatment on an outpatient basis.[7]

An intermediate court of appeals affirmed the Brown's civil commitment order in 2012, concluding that there was more than sufficient evidence to support a finding beyond a reasonable doubt that Brown had a behavioral disorder that makes him likely to engage in predatory acts of sexual violence.[8] The Texas Supreme

---

[4] See Tex. Health & Safety Code § 841.102. The trial court that entered the commitment order "retains jurisdiction over the person and subject matter of the individual's commitment." In re Commitment of Richards, 395 S.W.3d 905, 907 (Tex. App. — Beaumont 2013, pet. denied) (citing In re Commitment of Davis, 291 S.W.3d 124, 127 (Tex. App. — Beaumont 2009, pet. denied)).

[5] Final Judgment, Cause No. 10-03-02609-CV, Docket Entry No. 20-1, p. 4.

[6] Order of Commitment, Cause No. 10-03-02609-CV, Docket Entry No. 20-1, pp. 5-6.

[7] Id.

[8] Memorandum Opinion, No. 10-09-00589-CV (Tex. App. — Beaumont, Sept. 27, 2012, pet. denied), Docket Entry No. 20-1, pp. 10-30.

Court denied Brown's petition for review in 2013.[9] The Texas Supreme Court denied Brown's petition for a writ of habeas corpus in 2014.[10]

On May 18, 2015, the Texas Legislature enacted Senate Bill No. 746, which amended Chapter 841 of the Texas Health and Safety Code by replacing the regimen of outpatient treatment for sexually violent predators with a "tiered" treatment program designed to transition "a committed person from a total confinement facility to less restrictive housing and supervision and eventually release from civil commitment, based on the person's progress and behavior in treatment."[11] Under this amended statutory scheme, which went into effect on June 17, 2015, the Texas Civil Commitment Office may transfer a civilly committed person to less restrictive housing and supervision if the transfer is in the best interests of the person and conditions can be imposed that adequately protect the community.[12] A civilly committed person may also petition the court

---

[9]In re Commitment of Clarence DeWayne Brown, Case No. 12-0938, Docket Entry No. 20-1 (Tex. Feb. 15, 2013), pp. 115-18.

[10]Ex Parte Clarence D. Brown, Case No. 14-0195 (Tex. May 30, 2014), Docket Entry No. 20-1, pp. 234-37.

[11]Act of May 18, 2015, 84th Leg., R.S., ch. 845, § 16, 2015 Tex. Sess. Law Serv. 2701, 2706 (West) (codified as amended at Tex. Health & Safety Code § 841.0831(b)).

[12]In re Commitment of Dodson, No. 09-19-00228-CV, 2021 WL 2963784, at *2 (Tex. App. — July 15, 2021, pet. denied) (summarizing portions of Senate Bill No. 746 that are codified as amended at Tex. Health & Safety Code § 841.0834).

on his own for a transfer to less restrictive housing and supervision.[13]

On May 21, 2015, the trial court issued a Notice of biennial review and appointed Brown counsel for that proceeding.[14] Shortly thereafter, Brown was given notice and an opportunity to be heard about the changes implemented as a result of Senate Bill No. 746, including the tiered treatment program that featured total confinement in a secure facility.[15] On August 14, 2015, the State of Texas filed an Opposed Motion for Placement in Tiered Treatment Program, seeking to modify Brown's original civil commitment order to comply with the requirements of Senate Bill No. 746.[16] The trial court granted this motion following a hearing on October 21, 2015,[17] and amended Brown's commitment order accordingly.[18] As a result of

---

[13]Id.

[14]Notice, Cause No. 10-03-02609-CV, Docket Entry No. 20-1, p. 238; Order Appointing Counsel for Biennial Review, Cause No. 10-03-02609-CV, Docket Entry No. 20-1, p. 239.

[15]Memorandum (Notice of Due Process Rights) from the Texas Civil Commitment Office dated July 2, 2015, Docket Entry No. 20-1, pp. 249-50.

[16]Opposed Motion for Placement in Tiered Treatment Program, Cause No. 10-03-02609-CV, Docket Entry No. 20-1, pp. 240-50.

[17]Order on Motion for Placement in Tiered Treatment Program, Cause No. 10-03-02609-CV, Docket Entry No. 20-1, pp. 253-54.

[18]Amended Order of Civil Commitment, Cause No. 10-03-02609-CV, Docket Entry No. 20-1, pp. 251-52.

this change, Brown was placed in the Texas Civil Commitment Center for inpatient treatment.[19]

After Brown was confined in the Texas Civil Commitment Center, the trial court entered a Biennial Review Order on November 9, 2015, directing that Brown remain civilly committed pursuant to Chapter 841 of the Texas Health and Safety Code.[20] The trial court reached the same conclusion during Brown's subsequent biennial review on February 16, 2018.[21] Brown's next biennial review was set for February of 2020.[22]

On March 31, 2019, Brown executed the pending Petition for federal habeas corpus review and filed it with this court.[23] Brown does not challenge the initial order of civil commitment entered against him in 2010.[24] Brown takes issue with the Biennial Review Order entered on November 9, 2015, in which the trial court determined that continued civil commitment in the tiered treatment

---

[19]Relator's Brief in Support, Case No. 18-0876, Docket Entry No. 20-1, p. 451 (noting that Brown was escorted to the Texas Civil Commitment Center on September 1, 2015).

[20]Biennial Review Order, Cause No. 10-03-02609-CV, Docket Entry No. 20-1, p. 255.

[21]Biennial Review Order, Case No. 10-03-02609-CV, Docket Entry No. 20-1, p. 566.

[22]Id. Other than the notice of Brown's release from the Texas Civil Commitment Center, which the court received on August 26, 2021 (Docket Entry No. 24, p. 1), there is no other information in the record about the result of this biennial review.

[23]Petition, Docket Entry No. 1, p. 3.

[24]Id. at 2-3.

program was warranted.[25]  In his first ground for relief, Brown contends that the 2015 Biennial Review Order was not supported by sufficient evidence in the form of "a current psychological and/or psychiatric evaluation as required by the Fourteenth Amendment to the United States Constitution" and his right to both procedural and substantive due process.[26]  Reasoning that the 2015 Biennial Review Order was invalid, Brown contends that the Biennial Review Order entered in 2018 was also tainted.[27]  In his second ground for relief, Brown argues that the Biennial Review Orders improperly forced him to reside as "an inpatient in the Texas Civil Commitment Center" in violation of his right to due process because the commitment order entered against him originally in 2010 did not mandate confinement.[28]  Brown seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to effect his immediate release from the tiered treatment program placing him at the Texas Civil Commitment Center, returning him to outpatient treatment.[29]

The respondent has filed an answer, arguing that the Petition must be dismissed because Brown's claims are without merit.[30]  Brown

---

[25]Id. at 2.

[26]Id.

[27]Id.

[28]Id.

[29]Id. at 3.

[30]Respondent's Answer, Docket Entry No. 20, pp. 9-12.  The
(continued...)

disagrees, arguing that his continued confinement is unlawful and that he is entitled to release from inpatient treatment.[31]

## II.  Discussion

### A.  The Petition is Moot

Brown has been released from the Texas Civil Commitment Center, which raises a question about whether the court has subject matter jurisdiction to review his claims.[32]  Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, the jurisdiction of federal courts is limited only to cases or controversies that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area Sch. Dist., 106 S. Ct. 1326, 1331 (1986) (citing Marbury v. Madison, 1 Cranch (5 U.S.) 137, 173-180 (1803)).  Because of the limits on federal judicial power, district courts have a duty to evaluate subject matter jurisdiction on their own initiative before reaching the merits of a case.  See, e.g., Ruhrgas AG v. Marathon Oil Co., 119 S. Ct. 1563, 1569-70 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest

---

[30](...continued)
respondent argues further that Brown's claims are procedurally barred as both unexhausted and untimely under the governing statute of limitations.  See id. at 5-9.  Because the claims fail for other reasons, the court does not address these arguments at this time.

[31]Petitioner's Response, Docket Entry No. 21, p. 33.

[32]Notice, Docket Entry No. 24, p. 1.

level."); In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 668 F.3d 281, 286 (5th Cir. 2012) ("Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims.") (citations omitted).

The Supreme Court has explained that a habeas petition becomes moot and must be dismissed if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." Spencer v. Kemna, 118 S. Ct. 978, 983 (1998). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" Id. (quoting Lewis v. Continental Bank Corp., 110 S. Ct. 1249, 1253-54 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 118 S. Ct. at 983 (quoting Lewis, 110 S. Ct. at 1253).

Brown's primary claim is that the Biennial Review Orders entered by the trial court in 2015 and 2018 were unlawful and, as a result, "the unauthorized and continued inpatient treatment forced upon him by the State" violates both substantive and procedural due process.[33] To the extent that Brown seeks relief from Biennial Review Orders mandating his confinement at the Texas Civil Commitment Center, the court can no longer provide him with

---

[33]Petitioner's Response, Docket Entry No. 21, p. 12; Petition, Docket Entry No. 1, p. 2.

the relief sought because he has been released. Under these circumstances, Brown's release from confinement has rendered his claims moot. See Herndon v. Upton, 985 F.3d 443, 446 (5th Cir. 2021) (citing Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a habeas petition as moot following the petitioner's release where "the thrust of [the] petition is to be released from his confinement")). Therefore, the Petition must be dismissed. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Alternatively, Brown's Petition must be dismissed because he does not establish that his claims merit relief under the federal habeas corpus standard of review.

### B. The Petition is Without Merit

The Supreme Court has recognized that federal habeas corpus review may be available under 28 U.S.C. § 2254 to challenge a state court order of civil commitment. See Duncan v. Walker, 533 U.S. 167, 176, 121 S. Ct. 2120, 2126 (2001) (citing Francois v. Henderson, 850 F.2d 231 (5th Cir. 1998) (addressing a challenge under 28 U.S.C. § 2254 to a state court's commitment of a person to a mental institution after verdict of not guilty by reason of insanity)). A federal habeas corpus court may not grant relief from a state court judgement unless the petitioner demonstrates that the state court's adjudication "was contrary to, or involved

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

"A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations and internal quotation marks omitted). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting White v. Woodall, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011)).

### 1. Validity of the Biennial Review Orders

In his first ground for relief, Brown contends that he was denied substantive and procedural due process because the Biennial Review Order entered against him in 2015 was not supported by a

-11-

current psychiatric or psychological evaluation.[34]  Reasoning that the 2015 Biennial Review Order was unsupported by sufficient evidence, Brown contends that the Biennial Review Order entered against him in 2018 was also invalid.[35]

These claims were rejected by an intermediate court of appeals, which denied Brown's petition for a writ of mandamus.[36] See In re Clarence D. Brown, No. 09-18-00428-CV (Tex. App. — Beaumont Dec. 5, 2018, orig. proceeding) (Docket Entry No. 20-1, pp. 499-500).  The court of appeals held that, by Brown's own admission, he had a psychological or psychiatric examination in 2017, as part of the proceeding that resulted in the Biennial Review Order entered against him in 2018.  See id. at 499.  The

---

[34]Petition, Docket Entry No. 1, p. 2.

[35]Id.

[36]The parties sharply dispute whether Brown's mandamus proceedings were adequate to exhaust his state court remedies for purposes of federal habeas corpus review. See Respondent's Answer, Docket Entry No. 20, pp. 6-8; Petitioner's Response, Docket Entry No. 21, pp. 12-13.  A state habeas corpus proceeding is available to review challenges of the sort raised by Brown, but he did not avail himself of that remedy.  See e.g., In re Commitment of Dodson, No. 09-19-00228-CV, 2021 WL 2963784, at *1 (Tex. App. — Beaumont July 15, 2021, pet. denied) (reviewing a trial court's denial of an application seeking habeas corpus relief from an amended civil commitment order placing the petitioner in the tiered treatment program).  There is no authority from the Fifth Circuit as to whether a Texas mandamus proceeding is sufficient to exhaust remedies for federal habeas corpus review.  For the limited purpose of this Memorandum Opinion and Order, the court assumes that exhaustion was satisfied and that the opinion issued by the intermediate court of appeals qualifies as the last reasoned decision on the merits of Brown's claims.  See Sellers v. Wilson, 138 S. Ct. 1188, 1192 (2018).

court of appeals summarily rejected Brown's claim that he was entitled to release from civil commitment due to irregularities in previous biennial review proceedings and concluded that he was not entitled to relief because he failed to show the trial court abused its discretion or that its decision was arbitrary, unreasonable, and without reference to guiding principles. See id. at 499–500.

The decision by the intermediate court of appeals, which concerns an interpretation of Texas law, is entitled to substantial deference. A federal habeas corpus court is required to defer and cannot review the correctness of a state court's interpretation of state law. See Amador v. Quarterman, 458 F.3d 397, 412 (5th Cir. 2006) (observing that a federal court "cannot review the correctness" of a state court's interpretation of state law) (quoting Young v. Dretke, 356 F.3d 616, 628 (5th Cir. 2004); see also Estelle v. McGuire, 112 S. Ct. 475, 480 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); Bradshaw v. Richey, 126 S. Ct. 602, 604 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.").

Brown has not shown that the Biennial Review Order entered against him in 2015 was invalid for lack of a psychiatric or psychological evaluation because the record shows that he declined

to participate in the evaluation process.[37] Brown declined the evaluation because the psychologist, Dr. Charles P. Woodrick, Ph.D., had previously evaluated him.[38] Brown does not cite any authority showing that a constitutional violation occurs when a civilly committed sexually violent predator declines to undergo a psychological evaluation during his biennial review proceeding.[39] Because Brown has not demonstrated that he was denied an evaluation, he fails to show that the challenged Biennial Review Orders entered against him in 2015 and 2018 were unsupported by sufficient evidence or that they were otherwise invalid. More importantly, Brown does not show that the state court's decision to deny relief was contrary to or an unreasonable application of clearly established precedent. Therefore, he is not entitled to relief under 28 U.S.C. § 2254(d).

### 2. Due Process and the Right to Outpatient Treatment

In his second ground for relief, Brown contends that he was denied outpatient treatment in violation of his right to substantive and due process.[40] He contends that his placement in the Texas Civil Commitment Center was unauthorized because the

---

[37]Biennial Evaluation Disclosure Statement dated April 21, 2015, Docket Entry No. 20-1, p. 539.

[38]Id.

[39]Petition, Docket Entry No. 1, p. 2; Petitioner's Response, Docket Entry No. 21, pp. 14-22.

[40]Petition, Docket Entry No. 1, p. 2.

statutory scheme in place when he was originally committed in 2010 did not mandate confinement.[41]  This claim, which concerns his confinement as an inpatient in the Texas Civil Commitment Center under the tiered treatment program implemented by Senate Bill No. 746 in 2015, was summarily rejected by the intermediate court of appeals.  See In re Clarence D. Brown, No. 09-18-00428-CV (Tex. App. — Beaumont Dec. 5, 2018, orig. proceeding) (Docket Entry No. 20-1, p. 500).

The respondent states that Brown was provided with notice of changes in the law under Senate Bill No. 746 and an opportunity to be heard in compliance with a procedural mechanism for modifying commitment orders created by the Texas Legislature.[42]  The record confirms that Brown received the notice, detailing the new tiered treatment program that entailed both inpatient and outpatient treatment.[43]  Brown was placed in the tiered treatment program following a hearing on the State's motion.[44]

---

[41]Id.

[42]Respondent's Answer, Docket Entry No. 20, p. 11.  See Act of May 18, 2015, 84th Leg., R.S., ch. 845, § 40, 2015 Tex. Sess. Law Serv. 2701, 2711 (West).

[43]Memorandum (Notice of Due Process Rights) from the Texas Civil Commitment Office dated July 2, 2015, Docket Entry No. 20-1, pp. 249-50.

[44]Opposed Motion for Placement in Tiered Treatment Program, Cause No. 10-03-02609-CV, Docket Entry No. 20-1, pp. 240-50; Order on Motion for Placement in Tiered Treatment Program, Cause No. 10-03-02609-CV, Docket Entry No. 20-1, pp. 253-54.

The Fifth Circuit has held that a civilly committed person has no right to outpatient treatment and that being placed in confinement in conformity with the statute amended by Senate Bill No. 746 is lawful. See Martinez v. McLane, 792 F. App'x 282, 286 (5t Cir. Nov. 5, 2019) (per curiam); see also In re Commitment of May, 500 S.W.3d 515, 525-26 (Tex. App. — Beaumont 2016, pet. denied) (upholding the constitutionality of Chapter 841 of the Texas Health and Safety Code as amended by Senate Bill 746 and holding that a person civilly committed under the earlier version of the Chapter 841 had no protected liberty interest in outpatient treatment); In re Martinez, No. 09-16-00263-CV, 2016 WL 4698645, at *1 (Tex. App. — Beaumont Sept. 8, 2016, orig. proceeding) (concluding that the petitioner had "no valid complaint about the constitutionality or authority of the trial court to amend his existing commitment order by amending it so that it conformed to the changes the Legislature made to the civil commitment program"). Brown does not demonstrate a constitutional violation or show that the state court's decision to deny relief was contrary to or an unreasonable application of clearly established precedent. Because he does not show that he is entitled to relief under 28 U.S.C. § 2254(d), the Petition will be dismissed with prejudice.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when

entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). The court concludes that jurists of reason would not debate the assessment of the petitioner's claims or whether the petitioner has demonstrated the violation of a constitutional right. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Clarence D. Brown (Docket Entry No. 1) is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 5th day of January, 2022.

SIM LAKE
UNITED STATES DISTRICT JUDGE